Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5168 | **DATE** | 10/16/2002 |
| **CASE TITLE** | Rick Singer vs. Nicor, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ORDERED: Woodley Farra Manion Portfolio Management's motions for appointment as lead plaintiff [9-2, 19-2] are denied. Woodley Farra Manion Portfolio Management's motions for approval of lead counsel [9-3, 19-3] are denied. City of Dearborn Heights Institutional Group's motion for appointment as lead plaintiff [12-1] is denied. City of Dearborn Heights Institutional Group's motion for approval of lead counsel [12-2] is denied. Louisiana Municipal Police Employees' Retirement System's motion for appointment as lead plaintiff and for approval of lead counsel is denied. Teamsters Pension Fund's corrected motion for consolidation, appointment of lead plaintiff and approval of lead counsel [29-1, 29-2, 29-3] is stricken as untimely. Teamsters Pension Fund's motion for appointment as lead plaintiff [25-2] is granted. Teamsters Pension Fund's candidate for lead counsel, Schoengold & Sporn, is directed to file supplemental information in accordance with this order by October 23, 2002. Enter memorandum opinion and order.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| ✓ | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 17 2002 | |
| | Notified counsel by telephone. | date docketed | 35 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 7 2002

| | |
|---|---|
| RICK SINGER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NICOR, INC., THOMAS L. FISHER, and KATHLEEN L. HALLORAN,<br><br>Defendants. | 02 C 5168<br><br>Judge George W. Lindberg |
| PETER KALTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NICOR, INC., THOMAS L. FISHER, and KATHLEEN L. HALLORAN,<br><br>Defendants. | 02 C 5239 |
| BOB F. PILGREEN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NICOR, INC., THOMAS L. FISHER, and KATHLEEN L. HALLORAN,<br><br>Defendants. | 02 C 5319 |

35

| DANIEL P. JOHNSON, On Behalf of Himself | ) |
|---|---|
| and All Others Similarly Situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 5558 |
| v. | ) |
| | ) |
| NICOR, INC., THOMAS L. FISHER, | ) |
| and KATHLEEN L. HALLORAN, | ) |
| | ) |
| Defendants. | ) |

| WILLIAM F. HUNT, On Behalf of Himself | ) |
|---|---|
| and All Others Similarly Situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 6037 |
| v. | ) |
| | ) |
| NICOR, INC., THOMAS L. FISHER, | ) |
| and KATHLEEN L. HALLORAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are motions by Woodley Farra Manion Portfolio Management ("Woodley Farra"), Teamsters Pension Fund, City of Dearborn Heights Institutional Group ("Dearborn Heights"), and Louisiana Municipal Police Employees' Retirement System ("MPERS") for appointment as lead plaintiff and approval of lead counsel in this putative class action. Subsequent to filing their competing motions, Woodley Farra, Teamsters Pension Fund, and MPERS filed a joint stipulation amending their individual motions to request the court to appoint all three as lead plaintiffs, and approve the selection of the three law firms representing them as lead counsel. Dearborn Heights filed a brief in opposition to the appointment of

2

Woodley Farra, Teamsters Pension Fund, and MPERS, either individually or collectively, as lead plaintiff. For the following reasons, this court appoints Teamsters Pension Fund as the lead plaintiff. Lead counsel will be chosen after the lead plaintiff's candidate submits supplemental information.

The court has consolidated five related securities fraud actions filed as putative class actions against Nicor, its chairman, and its executive vice president for finance and administration. The class consists of investors who bought Nicor stock between either January 24, 2002 and July 18, 2002,[1] or April 18, 2000 and July 18, 2002.[2] The complaints allege that Nicor overstated its earnings due to accounting irregularities at a joint venture, and acted improperly in connection with a performance-based rate program.

The first of these class actions commenced on July 22, 2002. On that date, notice was published, advising members of the proposed class of their right to move to serve as lead plaintiff or plaintiffs no later than sixty days from the issuance of the notice. The parties do not dispute that Woodley Farra, Teamsters Pension Fund, Dearborn Heights, and MPERS timely filed motions to serve as lead plaintiff.

As a preliminary matter, the court addresses the stipulation by Woodley Farra, Teamsters Pension Fund, and MPERS requesting the court to appoint all three as lead plaintiffs. The Private Securities Litigation Reform Act of 1995 ("PSLRA") authorizes appointment of a "group of persons" as lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). However, in this case, Woodley Farra, Teamsters Pension Fund, and MPERS have only recently joined alliance, and offer no

---

[1] Singer v. Nicor, 02 C 5168; Pilgreen v. Nicor, 02 C 5319.

[2] Kaltman v. Nicor, 02 C 5239; Johnson v. Nicor, 02 C 5558; Hunt v. Nicor, 02 C 6037.

reasons why it would be beneficial to the class for them to collectively act as lead plaintiffs. By contrast, the court can foresee a number of reasons why such an arrangement would be less beneficial: increased costs and a more cumbersome decision-making process raise the greatest concerns. Accordingly, the court declines to approve the proposal of Woodley Farra, Teamsters Pension Fund, and MPERS, and instead will select only one of the four candidates.

The PSLRA instructs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute establishes a rebuttable presumption that the "most adequate plaintiff" is "the person or group of persons" that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the plaintiff with the largest financial interest "will not fairly and adequately protect the interests of the class...or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Woodley Farra argues that it has by far the greatest financial interest, with a loss of $643,326. City of Dearborn Heights urges the court to consider a much lower figure as Woodley Farra's loss: $96,934. This conflict arose when Woodley Farra filed two timely motions for appointment as lead counsel. One was by the law firm Much Shelist Freed Denenberg Ament & Rubenstein, P.C. ("Much Shelist") as lead counsel, and alleged a loss of $643,325.41 during a class period of January 24, 2002 to July 18, 2002. The other was by the law firm Schiffrin & Barroway, LLP as lead counsel, and alleged a loss of $96,934 during the same class period. After the deadline for filing motions for appointment as lead plaintiff had passed, Much Shelist

4

reasons why it would be beneficial to the class for them to collectively act as lead plaintiffs. By contrast, the court can foresee a number of reasons why such an arrangement would be less beneficial: increased costs and a more cumbersome decision-making process raise the greatest concerns. Accordingly, the court declines to approve the proposal of Woodley Farra, Teamsters Pension Fund, and MPERS, and instead will select only one of the four candidates.

The PSLRA instructs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute establishes a rebuttable presumption that the "most adequate plaintiff" is "the person or group of persons" that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the plaintiff with the largest financial interest "will not fairly and adequately protect the interests of the class...or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Woodley Farra argues that it has by far the greatest financial interest, with a loss of $643,326. City of Dearborn Heights urges the court to consider a much lower figure as Woodley Farra's loss: $96,934. This conflict arose when Woodley Farra filed two timely motions for appointment as lead counsel. One was by the law firm Much Shelist Freed Denenberg Ament & Rubenstein, P.C. ("Much Shelist") as lead counsel, and alleged a loss of $643,325.41 during a class period of January 24, 2002 to July 18, 2002. The other was by the law firm Schiffrin & Barroway, LLP as lead counsel, and alleged a loss of $96,934 during the same class period. After the deadline for filing motions for appointment as lead plaintiff had passed, Much Shelist

4

withdrew its motion, and Schiffrin & Barroway filed an amended motion that increased the amount of loss to $643,326 and alleged a broader class period of April 18, 2000 to July 18, 2002. Based on this history, where two different law firms arrived at significantly different figures in the initial filings, each supposedly based on the same class period, the court has little confidence in the accuracy of Woodley Farra's claimed $643,326 loss. Accordingly, the court will use the lower figure, $96,934, which removes Woodley Farra from contention for the candidate with the greatest financial loss.

Even if the court were to credit Woodley Farra's $643,326 figure, however, the court still would have serious concerns regarding Woodley Farra's capability of representing the interests of the class. Woodley Farra explains that its conflicting initial filings were simply the result of a "mis-communication," when a colleague of its principal and managing partner "inadvertently signed a certification which authorized the law firm of Bernstein Liebhard & Lifshitz, LLP" to represent the company, when the law firm of Schiffrin & Barroway also had been authorized to do so by the principal. The court views this "mis-communication" as a more serious problem, however. Woodley Farra's unknowing retention of two different law firms and filing of two motions for appointment as lead plaintiff reveal conflicts within Woodley Farra that make it unsuitable to make decisions on behalf of the class.

The court next considers the relative financial interests of the remaining candidates. Of these remaining candidates, two claimed differing amounts of financial loss before and after the deadline for filing motions for appointment as lead plaintiff. In their initial timely filings, Teamsters Pension Fund claimed a loss of $147,510, and MPERS claimed a loss of $136,500. After the deadline for filing motions for appointment of lead plaintiff had passed, Teamsters

Pension Fund filed an amended motion, correcting what it characterized as a "mathematical miscalculation" to claim a loss of $192,510. In the joint stipulation amending its motion for appointment of lead plaintiff, also filed after the deadline, MPERS states, without explanation, that its loss is $189,461. City of Dearborn Heights (claiming a loss of $66,300) urges the court to disregard any amendments made after the filing deadline, citing In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803 (N.D. Ohio 1999).

The PSLRA requires that motions for lead plaintiff be filed "not later than 60 days from the date on which...notice is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).[3] The court must consider motions for appointment of lead plaintiff within ninety days after notice is published. 15 U.S.C. § 78u-4(a)(3)(B)(i). In In re Telxon Corp. Sec. Litig., the District Court for the Northern District of Ohio interpreted these unequivocal provisions of the PSLRA as evidencing an intent "to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process." In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d at 818-19. The court concluded that allowing lead plaintiff candidates to change the size of their financial loss after the filing deadline, with the inevitable additional briefing that would ensue, would "effectively render the strict timeliness set forth in the PSLRA meaningless, and would nullify Congress's attempt to expedite the lead plaintiff appointment process." Id. at 819.

This court finds the court's reasoning in In re Telxon Corp. Sec. Litig. persuasive. Accordingly, the court will not consider the candidates' amendments of their amount of financial loss made after the filing deadline. Teamsters Pension Fund, with its loss of $147,510, as

---

[3] Where more than one action is filed, the deadline is calculated on the basis of the date on which notice for the first-filed action is published. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

claimed on the filing deadline, is the candidate of the remaining three with the greatest financial interest, and thus the presumptive lead plaintiff.

In addition to having the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of litigation, where a class has not been certified, the court focuses its inquiry on whether the presumptive lead plaintiff is typical and adequate under Rule 23. See Mayo v. Apropos Tech., Inc., No. 01 C 8406, 2002 WL 193393, at *3-4 (N.D. Ill. Feb. 7, 2002). Here, the court finds that Teamsters Pension Fund has a claim typical of the other class members, in that, like the others, it alleges that it bought Nicor stock at artificially inflated prices as a result of defendants' violation of the federal securities laws.

City of Dearborn Heights argues that Teamsters Pension Fund's candidacy is not adequate because Teamsters Pension Fund selected a local and liaison counsel with a conflict of interest. Teamsters Pension Fund's local and liaison counsel, Miller Faucher and Cafferty LLP ("Miller Faucher"), is also local counsel for lead plaintiff candidate Woodley Farra. City of Dearborn Heights contends that this dual representation creates a conflict of interest for Miller Faucher, and that Teamsters Pension Fund's decision to select local counsel with a conflict of interest casts doubt on Teamsters Pension Fund's ability to serve as lead plaintiff. The court finds that this objection directed at Teamsters Pension Fund's choice of local counsel is insufficient to disqualify Teamsters Pension Fund as a lead plaintiff.

The court's next task is to determine whether the lead plaintiff's selection of counsel is appropriate. The PSLRA gives the lead plaintiff the right to select class counsel, "subject to the

approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). Teamsters Pension Fund has selected Schoengold & Sporn, P.C. as lead counsel, and, as noted above, Miller Faucher as local counsel. Schoengold & Sporn has submitted a firm biography showing that it has extensive experience in class action litigation. However, the court does not have before it other information it needs to make its decision whether to approve lead plaintiff's choice of counsel, such as the fee arrangements agreed upon in this case; how Schoengold & Sporn plans to staff the case (including the hourly rates for attorneys and staff); its plans, if any, to allocate work to other law firms; and the role of local counsel. Accordingly, the court will require Schoengold & Sporn to submit this information by October 23, 2002. Finally, the court notes that while City of Dearborn Heights has objected to Teamsters Pension Fund's selection of Miller Faucher as local counsel, the mere fact that two candidates for lead plaintiff used the same local counsel is insufficient to warrant a finding of a conflict of interest.

**ORDERED:** Woodley Farra Manion Portfolio Management's motions for appointment as lead plaintiff [9-2, 19-2] are denied. Woodley Farra Manion Portfolio Management's motions for approval of lead counsel [9-3, 19-3] are denied. City of Dearborn Heights Institutional Group's motion for appointment as lead plaintiff [12-1] is denied. City of Dearborn Heights Institutional Group's motion for approval of lead counsel [12-2] is denied. Louisiana Municipal Police Employees' Retirement System's motion for appointment as lead plaintiff and for approval of lead counsel [22] is denied. Teamsters Pension Fund's corrected motion for consolidation, appointment of lead plaintiff and approval of lead counsel [29-1, 29-2, 29-3] is stricken as untimely. Teamsters Pension Fund's motion for appointment as lead plaintiff [25-2] is granted. Teamsters Pension Fund's candidate for lead counsel, Schoengold & Sporn, is

8

directed to file supplemental information in accordance with this order by October 23, 2002.

ENTER:

/s/ George W. Lindberg
George W. Lindberg
Senior United States District Judge

DATED: OCT 1 6 2002